IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| AMERICAN ALLIANCE FOR EQUAL RIGHTS,<br><br>　　　　　　　　　　*Plaintiff*,<br><br>　　v.<br><br>AMERICAN AIRLINES, INC.,<br><br>QURIUM SOLUTIONS, INC., d/b/a SUPPLIER.IO<br><br>　　　　　　　　　　*Defendants*. | Case No. 25-125 |

**STIPULATION OF DISMISSAL**

Per Rule 41(a)(1)(A)(ii), the parties stipulate to the following:

1.　　WHEREAS, on February 11, 2025, the American Alliance for Equal Rights ("Alliance") sued American Airlines, Inc. ("American") and Supplier.io, claiming that American's supplier-diversity program violated 42 U.S.C. §1981 and 42 U.S.C. §2000D. Doc.1. ¶¶4, 45-60.

2.　　WHEREAS, when the Alliance sued, American had a supplier-diversity program webpage titled "Supplier Diversity." That webpage said: "To qualify as a diverse supplier in our Corporate Certified Program, your company must be certified by a valid council or government agency every year. To become certified, your company must be at least 51% owned, operated and controlled by one of these groups: Minority (Black, Asian American and Pacific Islander, Hispanic, Native American) …" *Supplier Diversity,* American Airlines (archived Jan. 14, 2025), perma.cc/5RCV-WUAF.

3.　　WHEREAS, American represents that it is a government contractor that, prior to January 21, 2025, was subject to Executive Order 11246 thereafter codified in Federal Acquisition Regulations ("FAR") and thereafter remained subject to FAR provisions implementing the Small Business Act (15 U.S.C. §§ 637 *et seq*.) small business utilization requirements. American also

represents that the FAR provisions require federal contractors to have a Small Business Subcontracting Plan ("SBSP") that outlines specific goals and methods for subcontracting work to small businesses, including various categories like Veteran-Owned Small Business, Service-Disabled Veteran-Owned Small Business, Historically Underutilized Business Zones, Small Disadvantaged Businesses, and Women Owned Small Business concerns. And American further represents that the FAR also requires the SBSP describe the types of suppliers and services to be subcontracted by the government contractor, as well as the method used to develop subcontracting goals and identify potential sources and for contractors to submit an annual report to the Government on its small business subcontracting efforts and execution of its SBSP.

4. When the Alliance sued, Supplier.io had a webpage, titled, "Supplier.io Supplier Diversity Policy." *Supplier.io Supplier Diversity Policy,* Supplier.io (archived Feb. 11, 2025), perma.cc/3VQW-5YD6. Supplier.io's internal Supplier Diversity Policy said: "In addition to small businesses, supplier.io is interested in engaging with businesses that fall into one or more of the following diversity categories: Minority-owned Business Enterprises (MBE) … Small and diverse businesses interested in doing business with supplier.io should register their companies in our portal." *Id*.

5. American denies Plaintiff's allegations in the lawsuit and maintains that it does not now and has never required businesses to be owned or operated (either in whole or in part) by individuals of any particular race or ethnicity, in order to do business with American, nor considers or has considered race or ethnicity in any other way when admitting businesses into its supplier program or awarding supplier contracts.

6. Supplier.io denies Plaintiff's allegations in the lawsuit and maintains that it does not limit the availability or functionality of its platform based on a candidate's race or ethnicity;

candidates of every race and ethnicity can register on the platform, and Supplier.io's platforms and services are equally available to members of all races and ethnicities.

7. In order to avoid the time, expense, inconvenience and uncertainties of litigation, the parties have settled their dispute. Nothing contained in this Stipulation is intended to be or should be construed as an admission by Defendants that Defendants have engaged in any wrong-doing.

8. For the later of five years or for so long as federal law prohibits the use of contractor or vendor race or ethnicity as a preference for or against awarding contracts and except to the extent required by a federal or state statute, regulation, or court order and limited to its purchasing or procurement actions in and for the United States, American will not require businesses to be, or consider whether businesses are, owned or operated by individuals of any particular race or ethnicity (either in whole or in part), in connection with its supplier program or awarding supplier contracts. American may ask for such information but will include clarifying language that providing race and ethnicity information is purely voluntary and whether or how an applicant answers regarding race and ethnicity will have no effect on his or her business's ability to be considered for or awarded a supplier contract with American. If racial and/or ethnic information is voluntarily reported, American will not make that information available to anyone who is involved in considering applicants for its supplier program or for an award of a supplier contract.

9. If American tracks race or ethnicity outside of the contracting process, it cannot use that information to contradict paragraph 8.

10. For the four years following the entry of this Stipulation, American will add the following disclaimer to any supplier relationship website it maintains: "Consistent with federal

law, American Airlines does not consider race or ethnicity in the award of contracts or in the selection of vendors or suppliers."

11. To the extent any exist, American will remove all contrary statements from its websites and other materials used on or after the date of this Stipulation. American represents that is has deleted the quoted language from its website referenced in Paragraphs 4 and 25 of the Complaint. For purposes of the website disclaimer, this paragraph will become effective forty-five (45) days after the Stipulation is filed with the Court. For all other materials, the provision will be effective one hundred and twenty (120) days after the Stipulation is filed with the Court.

12. Except to the extent required by an international, federal or state statute, regulation, or court order, Supplier.io will not require businesses to be owned or operated by individuals of any particular race or ethnicity (either in whole or in part), in order to register with Supplier.io or to do business with Supplier.io. Supplier.io may ask for such information but will include clarifying language that providing race and ethnicity information is purely voluntary and whether or how a registrant answers regarding race and ethnicity will have no effect on his or her business's ability to register for Supplier.io's portal, platform, or other services. If racial and/or ethnic information is voluntarily reported, Supplier.io will not consider this information for the purposes of permitting such suppliers to register for its portal, platform, or other services.

13. If Supplier.io tracks race or ethnicity outside of the registration process, it cannot use that information to contradict paragraph 12.

14. Supplier.io will add a statement to its website to make it clear that its portal and platform are open to all registrants, regardless of size or demographic information. Supplier.io will remove all statements that only diverse suppliers may register for its portal, platform, or other

services from its websites and other materials.  In addition, to clarify that Supplier.io's portal and platform are open to all registrants, Supplier.io will delete the statement in paragraph 4 above.

15. This case is hereby dismissed. Defendants will pay Plaintiff's reasonable attorney's fees as has been negotiated and agreed to between the parties.

Dated: April 30, 2025

/s/ Russell D. Cawyer
Dee J. Kelly, Jr.
State Bar No. 11217250
Russell D. Cawyer
State Bar No. 00793482
Taylor J. Winn
State Bar No. 24115960
KELLY HART & HALLMAN LLP
201 Main Street, Suite 2500
Fort Worth, Texas 76102
Telephone: (817) 332-2500
Facsimile: (817) 335-2820
Email: dee.kelly@kellyhart.com
Email: russell.cawyer@kellyhart.com
Email: taylor.winn@kellyhart.com

*Attorneys For Defendant American Airlines, Inc.*

*Counsel for Defendant American Airlines, Inc.*

*/s/ Kelly E. Kleist*
Kelly E. Kleist
State Bar No. 24046229
Kelly.Kleist@solidcounsel.com
SCHEEF & STONE LLP
2600 Network Blvd, Suite 400
Frisco, Texas 75034
Telephone: (214)472-2100
Facsimile: (214) 472-2150

*Counsel for Defendant Qurium Solutions, Inc., d/b/a Supplier.io*

Respectfully submitted,

*/s/ Cameron T. Norris*
Thomas R. McCarthy***
 (VA Bar No. 47154)
Cameron T. Norris*
 (TN Bar No. 33467)
Steven C. Begakis**
 (ND Tex. No. 95172VA)
R. Gabriel Anderson*
 (TX Bar No. 2412930)

CONSOVOY MCCARTHY PLLC
1600 Wilson Blvd., Ste. 700
Arlington, VA 22209
(703) 243-9423
tom@consovoymccarthy.com
cam@consovoymccarthy.com
steven@consovoymccarthy.com
gabe@consovoymccarthy.com

*member of the Northern District of Texas
**member of the Northern District of Texas who resides in Fort Worth
***admitted to the Northern District of Texas and awaiting swearing-in ceremony

*Counsel for Plaintiff American Alliance for Equal Rights*

6